UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| CLAUDIA O. GUTIERREZ, | ) CV 13-06893-SH |
| Plaintiff, | ) MEMORANDUM DECISION |
| v. | ) AND ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) |
| Defendant. | ) |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits. Pursuant to 28 U.S.C. § 636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. § 405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed their pleadings and their respective briefs in support of those pleadings. The plaintiff has also filed a Reply Brief, and the defendant

has filed the certified Administrative Record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

## I. BACKGROUND

The plaintiff Claudia O. Gutierrez has filed an application for Disability Insurance Benefits under Title II of the Social Security Act. (See Administrative Record ["AR"] 120-23). The Commissioner denied her application. (See AR 60-62, 66-70). A hearing on the claim was conducted on May 14, 2012. (See AR 23-47). On May 16, 2012, the Administrative Law Judge ("ALJ") issued an unfavorable decision. (See AR 7-18). Upon Ms. Gutierrez's request to review the ALJ's decision, the Appeals Council denied review on August 1, 2013. (See AR 1-3).

Plaintiff makes three challenges to the ALJ's Decision. She challenges the ALJ's findings alleging improper (1) evaluation of the medical evidence concerning plaintiff's fibromyalgia diagnosis and its impact on her ability to work; (2) assessment of plaintiff's mental residual functional capacity; and (3) credibility findings about the plaintiff's subjective symptoms. Because this Court finds the ALJ did not properly develop the record concerning the diagnosis of fibromyalgia and rejected the available medical evidence concerning the diagnosis without resolving the ambiguities, it is unnecessary to address the propriety of the ALJ's review of the remaining two issues.

## II. DISCUSSION

The ALJ's opinion regarding fibromyalgia was limited to the following language: "The claimant also alleged having fibromyalgia. The alleged diagnosis of fibromyalgia appears to have come from a physician she saw briefly in late 2009 and again in early 2011, and who included a diagnosis of fibromyalgia in his treatment notes …. However, the record contains little evidence of testing for trigger points or other medical evidence

to support the alleged diagnosis. Therefore, the undersigned finds the claimant's alleged fibromyalgia was not a severe impairment."

(See AR 13).

The two treating doctors who opined about and/or diagnosed plaintiff with fibromyalgia were Dr. Steven Weiner and Dr. Boris Ratiner, who are rheumatology specialists. The only analysis of the ALJ regarding these two doctors is as follows:

> [Plaintiff] testified the pain was so bad that she could not get out of bed most days. She testified the pain rated a "10" on a scale of 1 to 10. Yet, the record indicates she saw Steven R. Weiner, M.D. only twice in 2009, once in 2010, and twice in 2011 …. She also saw Boris Ratiner, M.D. a couple of times in the first quarter of 2010 … . … She testified that Cymbalta and Lyrica made things worse, and although Dr. Weiner prescribed physical therapy and sleeping pills, nothing worked.

(See AR 15)

Jordan v. Northrop Grumman Corp. Welfare Benefit Plan, 370 F.3d 869, 872 (9th Cir. 2004) (overruled on other grounds by Abatie v. Alta Health & Life Insurance, 458 F.3d 955, 970 (9th Cir.2006) (en banc)) noted:

> [Fibromyalgia], formerly called fibrositis, has traditionally been used for "an ill-defined, poorly understood set of symptoms, consisting of aching pain and stiffness in one or several parts of the body." (citation omitted). [F]ibromyalgia's cause or causes are unknown, there is no cure, and, ***of greatest importance to disability law, its symptoms are entirely subjective.*** (citation omitted). There are no laboratory tests for the presence or severity of fibromyalgia. "The 'consensus' construct of fibromyalgia identifies the syndrome as associated with generalized pain and multiple painful regions .... Sleep disturbance, fatigue, and stiffness are the central symptoms," though not all are present in all patients. (citation omitted). The only symptom that discriminates between it and other syndromes and diseases is multiple tender spots, which we have said were eighteen fixed locations on the body that when pressed firmly cause the patient to flinch. (citation omitted). The diagnosis is now based on patient reports of a history of pain in five parts of the

body, and patient reports of pain when at least 11 of 18 points cause pain when palpated by the examiner's thumb. (citation omitted).
(emphasis added)

Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996) held in relevant part:

> Because treating physicians are employed to cure and thus have a greater opportunity to know and observe the patient as an individual, their opinions are given greater weight than the opinions of other physicians. (citation omitted). Therefore, an ALJ may not reject treating physicians' opinions unless he 'makes findings setting forth ***specific, legitimate reasons*** for doing so that are based on substantial evidence in the record.' (citation omitted).  In addition, if the treating physicians' opinions are uncontroverted, those reasons must be ***clear and convincing***. (citation omitted).
>
> (emphasis added); See also Carmickle v. Comm'r of Soc. Sec. Admin., 533 F.3d 1155, 1164 (9th Cir. 2008); and Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) (holding the ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they … are correct).

Further, "the opinions of a specialist about medical issues related to his or her area of specialization are given more weight than the opinions of a nonspecialist." Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); See also 20 C.F.R. § 404.1527(d)(5).

Smolen v. Chater, 80 F.3d 1273, 1288 (9th Cir. 1996) held:

If the ALJ thought he needed to know the basis of [a treating doctor's] opinions in order to evaluate them or the evidence was ambiguous, he [has] a duty to conduct an appropriate inquiry, for example, by subpoenaing the physicians or submitting further questions to them. See 42 U.S.C. § 405(d)(1988); 20 C.F.R. § 404.950(d)(1991); 20 C.F.R. § 404.1527(c)(3). He could also have continued the hearing to augment the record. See 20 C.F.R. § 404.944 (1991). Having failed to fully develop the record regarding the basis for [a doctor's] opinions, the ALJ could not then reject those opinions.

See also Tonapetyan v. Halter, 242 F.3d 1144, 1150 (9th Cir. 2001).

The ALJ did not properly evaluate the opinions of the treating specialists Drs. Weiner and Ratiner.  Both doctors diagnosed the claimant with fibromyalgia.  The ALJ offers an incorrect conclusion about "little evidence of testing for trigger points or other medical evidence to support the alleged diagnosis.  Dr. Weiner twice noted "12/18" under "tenderness" which the court interprets to refer to trigger points. A.R. 263-4.  These notations clearly were made after  physical examinations, and not based only on plaintiff's subjective complaints.

If the ALJ was unclear about the basis of the diagnoses of fibromyalgia, the ALJ could have contacted the specialist treating doctors and asked for clarification. Fibromyalgia is a complex medical condition with many unanswered questions about its causes and effects. This requires careful evaluation of the impact on  possible disability.

The ALJ "may not develop his evidentiary basis by not fully accounting for … all parts of the testimony and reports."  Reddick v. Chater, 157 F.3d 715, 722-23 (9th Cir. 1998).  Moreover, the ALJ may not pick and choose certain evidence to support his conclusion.  "[A] reviewing court must review the record as a whole and consider adverse as well as supporting evidence. We 'may not affirm simply by isolating a specific quantum of supporting evidence.'"  Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  For this court to render a proper decision, the ALJ must have fairly evaluated all the treatment records and assessments available in the Administrative Record.

By ignoring important medical evidence from treating sources, the ALJ has essentially rejected the evidence not addressed.

Therefore, the court reverses the ALJ's decision and remands with direction to the ALJ to proceed consistent with this decision.

### III. ORDER

For the foregoing reasons, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings in accordance with this decision, pursuant to Sentence 4 of 42 U.S.C. § 405(g).

DATED: May 8, 2014

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE